Good morning, Your Honors. If it pleases the Court, Janet Lawson on behalf of Jolita Silva, the appellant. This case is without a doubt a question of violation of the automatic stay. I think that both the district court and the lower court have to acknowledge that the stay was violated. And so then the question becomes... I guess it depends on... a violation depends on whether there's an exception or not. Correct. That was going to be my next sentence. I mean, the bottom line is there is no violation if there's an exception. Correct. I just don't want you to get us off on the wrong foot here, and I hope you know I'm not on the wrong foot. I read the code because I represented defendants and debtors and creditors in bankruptcy, so I don't know that you can say it's a violation, but go ahead. Make your argument. My next sentence was, unless they can prove that there was a violation, I mean an exception. Now, the lower court, the bankruptcy court, said, geez, it's 549, 549C. But that clearly does not apply because those are post-petition transfers, and the recording of the trustee's deed of sale was not the date of the transfer, right? So the bankruptcy court says it's 362B, but doesn't go to 24, goes to 3, right? Correct. And you're not claiming that it's somehow an error not to do the same thing that the bankruptcy court used, are you, by the district court? I don't understand your question. Well, the district court didn't go along with the bankruptcy court. The district court went for 362B, 24. Correct. Now, you're not claiming that it was error for the district court to use a different section, are you? No, I understand that they have the right to make an independent decision. And, in fact, we could make a different section ourselves. Correct. I understand that. So I'm just trying to make sure I understand your theory. So if we're to look at B24, the automatic state does not apply if the transfer is avoidable under either Section 544 or avoidable under 549, right? Correct. That's the district court's decision. Correct. So if we go to 544, how do you meet the statute of limitations? Well, Your Honor, we have the conduct of the bull lags who waited. Well, now, just a minute. You filed bankruptcy on August the 10th of 2010. Correct. You should have done something by August the 10th of 2012, two years. Not exactly, Your Honor. I think that's the Weissman case. Yeah, it's a two-year statute under 11 U.S.C. 546A1A. Correct, but Ms. Silva was unaware of all the facts. So you're going to ask for equitable tolling here. Correct. All right. So I just want to make sure I'm understanding your argument. So if I go to equitable tolling, what's my standard of review? De novo. No.  Show me the case that says it's de novo. You're right. I'm wrong. Okay. So it's abuse of discretion. So I have to now give the bankruptcy court discretionary review here, right? Correct. Okay. So has she been pursuing her rights diligently? That's the question I'm going to ask because that will tell me whether she has any right to equitable tolling, right? Correct. So in September 2009, Silva was given notice that Bulogs had purchased the property. Correct. She did nothing. Correct. She had a foreclosure of her second mortgage. Correct. She says she doesn't know about it. Correct. But she doesn't pay it. Correct. She never does anything about it. That is true. So she's got a second mortgage she never pays. She's got a man who comes and says other people own your property. And then in June 2009, there's a notice of default and a notice of sale which were filed. No, Your Honor. The notice of sale was in February of 2009. Okay. Let's even go to February. My worry is that once I get all that laid out, I can't think that she's been pursuing her rights diligently. Well, if you look at the Weisman case. I did. Okay. And what they're talking about in the Weisman case is stale information. It isn't stale if somebody tells you somebody's purchased your property. If you've got a second mortgage and you never pay it and you don't know what's going on with it, but you know you had it and it isn't being collected, and if you, and I know she doesn't have to go down to the courthouse, but really she does, because if they file the notice, it's as if she went to the courthouse. Correct. So at that point, she has to do something. They filed nothing. There was a notice filed that there was going to be a foreclosure sale. And that sale was continued. It doesn't matter. There was a notice filed. That is correct. And if she knows that and she knows somebody told her that somebody had purchased her property and she doesn't do it, she never pays her second mortgage or even worries about it, I don't know how that can say I pursued my rights diligently. Well, she unfortunately relied on the advice of someone who was trying to get her loan modification. But the problem is that now you're saying, and you agreed with me, it's abuse of discretion. Correct. So how can I say that the bankruptcy court would have thought this is, without doubt, something she should have got equitable tolling about? Because it's an abuse of discretion standard. But the information that she got was completely incomplete. Well, but just a minute. We're not talking now about whether I would give her the credit or not. We're talking about if you have those facts in front of you and you say you're not entitled to equitable tolling, that I can say as now the appellate court, you've abused your discretion. I don't understand how you can get me there. I believe that you can get there because the information that she was given was incomplete. Information in which? Well, the fellow comes out and says you don't own the property. He gives her no paperwork. Okay. But doesn't it at least put her on notice to go and look? I mean, she knows she's not making the payments. But if she went and looked, she would have found nothing. But did she go and look? She did not go look. That is not true that she would have found nothing. She would have found nothing because nothing she would have. She would have found a notice of foreclosure. She would have found the notice of sale. Right. And that's it. But that's nothing. That's pretty good. If she had done that, wouldn't she have had to have listed that on her bankruptcy application? Part of the problem here, I mean, there's some equities that run both ways. One is that Bollock doesn't go back and record this to give her the formal notice that we ordinarily expect in a property transaction. But she had already been told by somebody, by a guy who came and says, I'm surprised you're here because we've just bought this property. She knows she's not making the payments. She can't be too surprised at this. But she doesn't make any inquiry. But wouldn't she have an obligation to have listed that on her bankruptcy application? I believe that a year later she probably should have. Okay. So if we can't get there under if, now I'm just going under the statute, 362B24. Avoidable under Section 544, no, because probably the statute of limitations was gone. Then we move to 549. If I look at 549 and I read what you said to me, and I'm just trying to make sure I understand. You do not argue, as I understand your brief, that Bollock's fit the criteria for 549 if 549 can apply to a creditor-initiated transfer, right? Correct. So if 549 can apply to a creditor-initiated transfer, then you lose. If it can apply? Yes. Correct. Okay. So what's the purpose of 362? The purpose of 362 is to protect against creditor-initiated transfers. It's not. In fact, we've got a case dead on. 4235 Washington State Corps, 329 Fed Third at 1081. It says the purpose of 362 is to protect against creditor-initiated transfers. Frankly, that's what I thought the exceptions of 362 were about, to protect against creditor-initiated transfers. So if the whole purpose of 362 is to protect against creditor-initiated transfers, then how can I suggest that because 549 in some, in the history of the statute, if you will, is applied to debtor-initiated transfers, if 549 can only apply to debtor-initiated transfers, it seems to me what you're arguing under statutory construction is that there is no reason for 362.24 because 549 is sitting right there under 362.24. If you can only do that on debtor-initiated transfers, it's never going to be a debtor-initiated transfer in any time when I'm going to apply 362.24. So there is no reason for 362.24. I think Judge Pappas accurately described 362.24 as being a double negative and that you have to look at it. While I like Judge Pappas and I think he's a wonderful guy and he lives right down the street from me and he's got an office right in the same courtroom with me, I don't agree with him. There is no way I can read 362.24 even with the double negative and make it apply in this situation. So answer my question. If I don't agree with him, why do you even have 362.24 on the books if it is only to do with debtor-initiated transfers? Because I think in that particular subsection of 362, they brought in that code section 549, which is entitled post-petition transfers. And in this case, there was not a post-petition transfer, right? So we have to back up and look at the facts. You're going to another fight that you're making under 549. But I'm listing, I'm only talking about statutory construction of 549. And your statutory construction argument on 549 is that it's only a debtor-initiated ones and, therefore, it cannot be used. All I'm trying to do is say to you, I do not know under the terms of statutory construction how this could only be debtor-initiated. Because if it's only debtor-initiated, then you can never have 362.24 as an exception. I'm just having you explain that to me. I'm going to be candid with you.  All right. I just wanted to make sure. Because I'm reading through this stuff. I'm representing debtors and creditors in my old life. And I'm trying to understand your argument. So thank you very much for your answers. And your straight answers, frankly. That, I appreciate it. You're welcome. If I could have a couple minutes for rebuttal? Of course. Thank you. May it please the Court. Your Honor, I, too, I've been doing bankruptcy law for close to 30 years. And I spent a lot of time scratching my head over Section 362. How possibly, given the cases from the Ninth Circuit, could we have 362 be a 24? How could it apply? And the only thing that I could come up with, which is what we argued in our brief, is that although there are cases from the Ninth Circuit that says that Section 549 only applies when the debtor transfers something, the only thing that made sense to me, and that's why it's in our brief, is that, well, by putting when Congress changed the bankruptcy laws in 2005 and added subsection 24, the only thing that they could have been thinking of, or the only thing that makes sense to make the bankruptcy code work, is if the rules of Section 549 would apply even where, like we have in this case, the debtor didn't transfer anything. The creditor did. Okay. Why don't you take me through why the Bankruptcy Court is correct? Because I'll be fair. I tried to give some explanation of why the Bankruptcy Court would be correct, and I'd have to side with your opposition. Okay. I think the only way you win is if the District Court is correct. Well, again, certainly as a matter of law, whether the District Court pick the right section or the Bankruptcy Court pick the right section, that doesn't matter. I understand. But if I agree with her, if I come down the bottom line and I say, I've got a lot of presidents sitting here. It doesn't seem to work if you're going to do statutory construction, so I've got to go the alternative. Convince me the Bankruptcy Court was right. Okay. So we have – so the first thing that we need to do is we start with Section 362B3. Right. And Section 362B3 then sends us down to Section 546A – excuse me, Section 546B1A. And Section 546B1A refers to three sections. One of them just doesn't apply. But it refers to Section 544. It refers to Section – and then, of course, it refers to Section 545 that doesn't apply. It refers to – and then the last section that we have. See? So Section 544, if you look at that, there's two reasons why it is that we win. There's the statute of limitations issue that you've already discussed. Yes. If you want to hear more from me on that, I'm happy to do so. But, I mean, it seems quite clear to me that when somebody comes and knocks on your door and says, You don't own this property anymore. We do. And when you have a notice of sale saying your property is going to be sold at a foreclosure sale. And when we have the debtor's conduct, which is the debtor does nothing about this, it would be very peculiar to me if you take everything else and put it to one side, that you're not making mortgage payments anymore. It's like the second trustee holder just went off into the ether. So how they get past that, I just don't know. But let's just assume for a moment that they do. Well, I'll be fair. I'm going to shortcut you. It seems to me the relevant question here is whether California state law will permit the perfection of the bulog's interest in the property, in other words, recording of the trustee's deed, to take precedence over the trustee's legal title to the property. And it would. And MBB, or you, it seems, concedes that California Civil Code section 2924HC does not apply. Correct. And you have not identified any other state law that prioritizes the bulog's post-petition recording over the trustee's interest in the property. Well, we have civil – see, I think – I mean, I'm taking you right to the point. Right. And I get it. So if we take section 19 of the California Civil Code, that says – and this court has construed it several times – that a buyer of real property is on notice of everything that the buyer would know if the buyer looked at the title, the chain of title. And that law applies to every real estate transaction in the state. So under that law, let's just say hypothetically for a moment I was going to buy the property that we have here in question. The bulogs have not recorded their deed. I come in. I want to buy this property. I make an offer. The offer is accepted. I go to a title company. That's the way it works. Title company prints out a list of all of the items that would deal with this property. And what would I see when I looked at the record for this property? I would see that there was a notice of sale, that somebody was going to foreclose. Now, under California law, I would not be in a position, I don't think, to simply say, oh, well, I could ignore that. Because under California law, section 19 of the Civil Code, I would be required to make an inquiry. That's what the law says. That's what the cases say. And if I made that inquiry, I would pick up the telephone. I would call the holder of the second trust deed. And I would say, did you have a foreclosure sale on whatever the date was, August 19th of 2009? And they would say yes. And I would say, hmm, who bought the property? And they would tell me the names of the buyers, the bulogs. At that point, acting like a reasonable person, which is what section 19 requires me to do, if I went through with the transaction, if I went through with the transaction having full knowledge that the bulogs had bought this property, even though they didn't record their deed, if the bulogs subsequently came along and said, we win and you lose, Joe Shoulder, you shouldn't have bought this property. You were on notice that we owned it. I'd lose. That is consistent with the prior cases of this court, which don't deal with a title record. But similarly, they deal with deeds. In one of the cases of this court, somebody had a deed. They didn't record the deed. But there were construction stakes, and it looked like there was some activity there. And what the court held in that case, the Robasco case, was you were on notice. You were on notice that somebody else owned this property. The Wiseman case, which was your second case on this point, that was the one where the guy got married or, excuse me, I guess he got divorced. I was going to say, I didn't think he got married. No, he got divorced. But his ex-wife still was shown on the title. The ex-wife got married again, filed a bankruptcy case. The bankruptcy trustee came in and said, hey, the ex-wife still owns half this house. This court said no, it doesn't, because a reasonable person under Section 19 of the Civil Code would be required to go out of that house and find out why these people are living there. Now, those cases admittedly don't deal with a title record. I was going to say I don't know whether I can directly apply those cases to this particular matter. You should, and here's why. Because under Section 19 of the Civil Code, there's a couple of kinds of notice. One of them is what knowledge would you have if you went out to the property and you saw what was going on? Those are the cases this court has decided, this court has addressed. The second group of cases is where you haven't gone out to the property yet, but you still are required to look at the title record. We certainly can't have real estate transactions in this state, and I'm sure throughout the country, where people are not required to look at a title record. And if you saw the title record here, there's no ambiguity about this. It's acknowledged. There's no issue of fact. You look at the title record, as I explained, you are going to see that somebody was going to sell this property. Now, had you done that under Section 19, you couldn't have bought the property and had a right to that property that was senior to my clients. You couldn't do it. And that is why when we were going down our chain of statutes, that's why Section 546B1A is the next link in the chain, and that is how it applies. So now we go to Section 544. We talked about the statute of limitations already. You don't need to hear any more from me on that, I presume. With respect to Section 544A3, in any event, if I lose on the statute of limitations, you're still in the same spot. I was going to say you're in the same spot as in B3, aren't you? Correct. Correct. And so now we go back to the last section, which, again, is Section 549. Well, I was scratching my head. There's either two results here. Either Section 49 just doesn't apply, in which case the only thing this court would have to look at is Section 544. Well, I don't know whether I can write 549 out. And I don't think you can either. And that's why, although it would have been an easy path for me in my brief, I didn't take that path. I argued Section 549 as well. So if we go back to Section 549, the key— I think I understand your argument as to 549. Very well. Because I tried to put it to her. No, I understand. Your Honor, I've got nothing further then, unless the court asks questions of me. I don't think there are any further questions. Thank you, Mr. Scholder. Thank you. Ms. Lawson. Thank you, Your Honor. With all due respect to Mr. Scholder, who is a friend of mine, I believe he made an error in discussing Section 19 of the California Civil Code. This is a race notice jurisdiction. The one who records first is the winner. So it doesn't matter that the title record would show that there was a notice of default. And when you go back to Weisman, they talk about how long it was. In this case, it was 18 months from the notice of sale to the bankruptcy. And it talks about the staleness of that notice. So there are many cases where a trustee has prevailed over an unrecorded deed. And that's not an uncommon event in a bankruptcy practice. I'm sorry. What prevails over an unrecorded deed? The trustee. The trustee trying to avoid the unrecorded deed. It's a pretty common scenario. So I don't think that they can prevail on that point. And the other thing about Probasco is Silva was the one in the property unmolested. No one was bothering her. No one was asking her for payment. So, you know, there's good facts and bad facts on both sides, but I think when you get to the bottom of it, the equities lie with Silva because, to be real candid, what the Bologs did was mean. They intended to leave her in that property. It was a plan to leave her in that property. They wanted her. Would it have been a favor to her to have foreclosed on her and gotten her off the property? She had places to go. Yes, but if she had places to go, why didn't she go there? I mean, as opposed to having to – as opposed to being forced to go there by the Bologs and forcing their rights. It seems to me that backing off, were they collecting any rent from her? No. It's specific in the record. They agreed not to ask for any rent. Right. I guess I'm having a hard time figuring out what the – what was mean about letting her stay there. Well, there's no evidence in the record, but the question would become what's the rental value versus the payment, and that's not in the record. The problem I have with your argument is this. It seemed to me that one could say they were mean, but it also seems to me that one could easily say they were nice. They were paying her second mortgage, and she never cared. One could say that, but if you look at the – I mean, the bottom line is the second mortgage was foreclosed. They took it out. They paid it off. She didn't ever have to pay it. They never took her out. Correct. And the reason they didn't take her out is because there was no value in the property. They saw no reason to expend funds to take her out when there was nothing they could get from over the first, so they didn't worry. So what they did is they paid her second mortgage and continued to pay it and continued to pay it, and she got the benefit. That's one way to look at it, which is not mean as you're suggesting. Okay. I'll withdraw the word mean. And in the meantime, she also cleared her arrearages on the first mortgage through the Chapter 13 plan. I understand that. She wasn't paying more than the mortgage. She was making that makeup payment. And, you know, so over the course of the time, I think at the time we wrote our brief, it was approximating $60,000. It was more than that that she paid to remain in that property. Unless the Court has further questions. I don't think so. All right. Thank you. Thank you, Ms. Lawson. We thank both counsel for the argument in a complicated statutory scheme that we have here. For the day and for the week, the Court is adjourned. And I thank you both for your direct answers to my questions. That was very good. Thank you. Especially thank you for that.
judges: Bybee, N.R. Smith, Stein